IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENT BROWN, <br>     Petitioner, <br> vs. <br> JILL BROWN, Warden, <br>     Respondent. | No. C 05-3139 JSW (PR) <br><br> **ORDER DENYING MOTION TO DISMISS PETITION** <br><br> (Docket nos. 4, 6, 10) |

    Petitioner, a state prisoner incarcerated at San Quentin State Prison in San Quentin, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") decision to deny him parole during parole suitability proceedings. This matter comes before the Court on consideration of Respondent's motion to dismiss the petition (docket no. 4).

    According to the petition, Petitioner was convicted of first degree murder in Orange County Superior Court in 1985 and was sentenced to an indeterminate term of twenty-six years-to-life in state prison.  In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence.  Petitioner contends that the denial of parole by the BPT at his December 1, 2004, parole suitability hearing violated his federal constitutional right to due process.

    Petitioner filed his federal habeas petition on August 2, 2005 (docket no. 1).  On March 23, 2006, Respondent filed a motion to dismiss the petition on the ground that recent California Supreme Court authority interpreting California's parole scheme

establishes that Petitioner has no federally protected liberty interest in parole and, therefore, the Court lacks jurisdiction over the matter (docket no. 4). Petitioner has filed an opposition to the motion to dismiss (docket no. 5) and Respondent has filed a reply to the opposition (docket no. 7).

The Ninth Circuit recently rejected Respondent's arguments that no liberty interest exists with regard to parole and made clear that "California inmates continue to have a liberty interest in parole after *In re Dannenberg*, 34 Cal. 4th 1061 (2005)." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1125 (9th Cir. 2006). It also made clear that the "some evidence" standard identified in *Superintendent v. Hill*, 472 U.S. 445 (1985), is clearly established federal law in the parole context for AEDPA purposes. *Sass*, 461 F.3d at 1128-29. As such, Respondent's motion to dismiss the petition is DENIED (docket no. 4).

Petitioner has also filed several motions seeking an evidentiary hearing (docket no. 6) and expansion of the record (docket no. 10) with regard to his claims. Essentially, Petitioner seeks the "decision pages of all BPT hearings held for term to life inmates held in 2000-2004" (docket no. 6 at 1). Respondent has filed an opposition to the motion for an evidentiary hearing (docket no. 8). In support of these requests, Petitioner asserts that he has provided over two hundred declarations in support of his contention that the "Board has adopted a pattern and practice of arbitrary and standardless determinations." *Id.* at 2. In his motion for expansion of the record, Petitioner asserts that he requested an evidentiary hearing in state court (docket no. 10 at 1). He asserts that the Board "invariably characterizes murders as being especially cruel, callous or egregious and uses the crime to deny parole." *Id.*

In opposition to Petitioner's motion for an evidentiary hearing, Respondent argues that the request is premature, as the motion to dismiss was pending and was potentially dispositive of the case (docket no. 5). However, this argument is now moot. Respondent further argues that the request was premature prior to the filing of an answer and

2

traverse, at which point the Court would be able to determine if an evidentiary hearing is necessary. Respondent also argues that Petitioner failed to seek an evidentiary hearing in state court. However, the opposition was filed before Petitioner's second motion, where he alleges that he sought such a hearing in state court.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Before deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the essential elements of the underlying claim. *See Bracy*, 520 U.S. at 904 (difficulties of proof aside, petitioner's allegation of judicial bias, if proved, would violate due process clause). The court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. *See id.*

Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). The Ninth Circuit has also described this standard as being that discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her underlying claim. *Pham*, 400 F. 3d at 743 (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 ( 9th Cir. 1997)). For example, in *Bracy*, the Supreme Court found that the petitioner established good cause for discovery where he provided specific allegations lending support to his claim that the trial judge was actually biased in his case. 520 U.S. at 909; *see also Pham*, 400 F.3d at 743 (good cause when petitioner contended that lab notes might show a mistake which would be exculpatory); *McDaniel v. United States*

3

*District Court (Jones)*, 127 F.3d 886, 888 (9th Cir. 1997) (good cause for discovery found where petitioner's claims did not appear purely speculative or without any basis in record, each claim included factual allegations and statement of exhaustion, and materials sought through discovery were not available from petitioner's appellate counsel, who had destroyed entire file); *Jones v. Wood*, 114 F.3d 1002, 109-10 (9th Cir. 1997) (good cause found where petitioner identified specific material he needed to argue effectively that trial lawyer had rendered ineffective assistance, particularly where there was never any hearing on ineffective assistance claim at state court level).

      Petitioner's motion fails to show how the materials he seeks are relevant to this Court's determination of the issues raised in the petition.  Specifically, Petitioner has not identified how other decisions of the Board finding certain crimes committed by others to be especially cruel or egregious are relevant to establishing that Petitioner's case was decided by a biased decision-maker, unless Petitioner can show that it is somehow biased to designate the actual crime committed by others that way.  The Board decisions do not provide sufficient information regarding the crimes to establish that and would, therefore, be duplicative of the declarations before the Court and not otherwise relevant to the Court's determination in Petitioner's case.  Therefore, Petitioner has failed to allege good cause for discovery of the materials he seeks and the motion is DENIED without prejudice (docket nos. 6, 10).

      In order to expedite these proceedings, the Court's previous order to show cause is reinstated as follows:

      1.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

2. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

IT IS SO ORDERED.

DATED: January 17, 2007

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge